## JAMES M. REED v. UNION CENTRAL LUMBER COMPANY.[1]

### November 19, 1920.

### No. 21,949.

**Attachment — refusal to vacate sustained.**
> The evidence is sufficient to sustain the order of the trial court refusing to vacate an attachment.

Action in the district court for Beltrami county to recover $500 upon a check and protest fees. The facts are stated in the opinion. Plaintiff's motion to strike out the answer as sham and frivolous and for judgment upon the pleadings as for want of an answer was granted. From an order, Stanton, J., refusing its motion to dissolve an attachment against its property, defendant appealed. Affirmed.

*Charles W. Scrutchin,* for appellant.

*C. L. Pegelow,* for respondent.

TAYLOR, C.

This is an appeal from an order refusing to vacate an attachment.

Plaintiff procured the issuance of the writ on an affidavit, "that defendant is about to assign, secrete and dispose of its property with in-

[1] Reported in 179 N. W. 895.

tent to delay or defraud its creditors," and caused it to be levied on certain forest products owned by defendant. Defendant moved to set aside the attachment on an affidavit of its president denying the charges made by plaintiff. Both parties filed further affidavits. As the decision was in favor of plaintiff we take the facts, so far as they are in dispute, to be as stated in the affidavits presented by him.

Defendant was engaged in logging operations, and in buying and selling forest products. Plaintiff is a merchant at Blackduck and sold supplies to defendant. The suit was brought on a check which defendant gave to apply on the purchase price of these supplies and which the bank refused to pay for want of funds. Defendant interposed an answer which consisted only of a general denial. Plaintiff moved to strike the answer as sham and for judgment as for want of an answer. This motion and defendant's motion to vacate the attachment were noticed for the same date. This motion was taken up first, and the court made an order striking the answer as sham and directing judgment for plaintiff, reciting in the order that defendant, in open court, consented to the making of the same. The court then made an order denying defendant's motion to vacate the attachment. It was stated at the argument by plaintiff's counsel that, though not shown by the record in this court, the judgment had in fact been entered, collected and satisfied of record. Plaintiff's affidavits show attempts on defendant's part to dispose of property, and a course of conduct on defendant's part tending to hinder and delay its creditors, and we are of opinion that the court did not abuse its discretion in refusing to vacate the attachment.

Order affirmed.